UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL SCOTT KLEIN,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>BRIAN WILLIAMS SR., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-00569-MMD-CSD<br><br>ORDER |

Pursuant to 28 U.S.C. § 1915A, the Court issued an order (ECF No. 14 ("Order")) screening *pro se* Plaintiff Paul Klein's first amended complaint (ECF No. 13 ("FAC")). The Order dismissed Klein's due process claims with prejudice because Klein did not allege any facts supporting the existence of a liberty interest. (ECF No. 14 at 5-6.) As the Court explained, in order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Klein has filed an "objection" to the Order. (ECF No. 15 ("Objection").) The Court liberally construes the Objection as a motion for reconsideration. In his Objection, Klein argues the Court erred in dismissing his due process claim because there were several due process violations, including: (1) Klein was not provided a written notice of the charges, (2) the charges were false and filed in retaliation for Klein's civil suits, and (3) various defendants failed to follow state law in conducting Klein's disciplinary hearing. (*Id.* at 1-4.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented

with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Klein's motion for reconsideration does not set forth any valid reason for the Court to reconsider either its finding that Klein's allegations in the FAC do not support a liberty interest, or its conclusion that without establishing a liberty interest Klein cannot state a colorable due process claim. Klein argues only that Defendants did not follow proper procedures leading up to and during Klein's disciplinary hearing. But as the Court has repeatedly explained, the deprivation of procedural due process only gives rise to a due process claim if a plaintiff establishes the existence of a liberty interest for which the protection is sought. *See Sandin*, 515 U.S. at 487. Because Klein's motion for reconsideration does not set forth any reason for the Court to reconsider its finding that Klein's allegations in the FAC do not support a liberty interest, the Court denies Klein's motion.

The Order dismissed Klein's claims in Count I with prejudice and dismissed his state law claims in Count II without prejudice but without leave to amend. (ECF No. 14 at 12.) But the Order gave Klein leave to file a second amended complaint regarding his claims in Count III. (*Id.*) Klein has not filed a second amended complaint. However, in light of the fact that Klein's motion for reconsideration has been pending, the Court will give Klein another 30 days from the date of this order to file a second amended complaint based on his allegations in Count III.

It is therefore ordered that Plaintiff Paul Klein's motion for reconsideration (ECF No. 15) is denied.

It is further ordered that, if Klein chooses to file a second amended complaint curing the deficiencies of his FAC, as outlined in the Court's Order, Klein will file the second amended complaint within 30 days from the date of entry of this order.

It is further ordered that, if Klein fails to file a second amended complaint curing the deficiencies outlined in Court's Order, this action will be dismissed.

DATED THIS 30th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3