1
2
3                        UNITED STATES DISTRICT COURT
4                              DISTRICT OF NEVADA
5                                    * * *
6    PAUL SCOTT KLEIN,                        Case No. 3:19-cv-00569-MMD-CSD
7                          Plaintiff,                    ORDER
8         v.
     BRIAN WILLIAMS SR., *et al.*,
9
                           Defendants.
10
11

12        *Pro se* Plaintiff Paul Klein brings this civil rights action under 42 U.S.C. § 1983 to

13   redress constitutional violations that he claims he suffered while incarcerated at High

14   Desert State Prison. (ECF No. 13.) The Court screened Klein's first amended complaint

15   pursuant to to 28 U.S.C. § 1915A. (ECF No. 14.) The screening order dismissed Klein's

16   constitutional claims in Count I with prejudice, dismissed Klein's state law tort claims in

17   Count II without prejudice, but without leave to amend, and dismissed Klein's claims

18   under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA")

19   without prejudice and with leave to amend.  (*Id.* at 12-13.)

20        Klein filed an objection to the Court's screening order. (ECF No. 15.) The Court

21   construed this objection as a motion for reconsideration, denied the motion, and gave

22   Klein until April 29, 2022, to file a second amended complaint regarding Klein's claims

23   under the ADA and RA. (ECF No. 19.) The Court warned Klein that the action could be

24   dismissed if he failed to file a second amended complaint by that deadline. (*Id.* at 3.) That

25   deadline has now expired, and Klein did not file a second amended complaint, move for

26   an extension, or otherwise respond.

27         The Court grants Klein's application to proceed *in forma pauperis.* (ECF No. 4.)

28   Based on the information regarding Klein's financial status, the Court finds that Klein is

1   not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C.

2   § 1915. Klein will, however, be required to make monthly payments toward the full

3   $350.00 filing fee when he has funds available.

4           District courts have the inherent power to control their dockets and "[i]n the

5   exercise of that power, they may impose sanctions including, where appropriate . . .

6   dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir.

7   1986). A court may dismiss an action based on a party's failure to obey a court order or

8   comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

9   (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep

10  court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

11  1987) (dismissal for failure to comply with court order). In determining whether to dismiss

12  an action on one of these grounds, the Court must consider: (1) the public's interest in

13  expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk

14  of prejudice to Defendants; (4) the public policy favoring disposition of cases on their

15  merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine*

16  *Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130)).

17          The first two factors, the public's interest in expeditiously resolving this litigation

18  and the Court's interest in managing its docket, weigh in favor of dismissal of Klein's

19  claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal

20  because a presumption of injury arises from the occurrence of unreasonable delay in filing

21  a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air W.*, 542

22  F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

23  cases on their merits—is greatly outweighed by the factors favoring dismissal.

24          The fifth factor requires the Court to consider whether less drastic alternatives can

25  be used to correct the party's failure that brought about the Court's need to consider

26  dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

27  that considering less drastic alternatives *before* the party has disobeyed a court order

28  does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

1    Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that
2    "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's
3    order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
4    with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).
5    Courts "need not exhaust every sanction short of dismissal before finally dismissing a
6    case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779
7    F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and
8    unless Klein files a second amended complaint, the only alternative is to enter a second
9    order setting another deadline. But the reality of repeating an ignored order is that it often
10   only delays the inevitable and squanders the Court's finite resources. The circumstances
11   here do not indicate that this case will be an exception. There is no hint that Klein needs
12   additional time or evidence that he did not receive the Court's screening order. Setting
13   another deadline is not a meaningful alternative given these circumstances. Therefore,
14   the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the
15   Court finds that they weigh in favor of dismissal.

16       It is therefore ordered that this action is dismissed based on Plaintiff Paul Klein's
17   failure to file a second amended complaint in compliance with this Court's March 30, 2022
18   order (ECF No. 19).

19       It is further ordered that Klein's application to proceed *in forma pauperis* (ECF No.
20   4) is granted. Klein shall not be required to pay an initial installment of the filing fee.
21   However, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2) even
22   though this action is dismissed.

23       It is further ordered that movant herein is permitted to maintain this action to
24   conclusion without the necessity of prepayment of any additional fees or costs or the
25   giving of security therefor.

26       It is further ordered that pursuant to 28 U.S.C. § 1915, as amended by the Prison
27   Litigation Reform Act, the Nevada Department of Corrections will forward payments from
28   the account of *Paul Scott Klein, # 30918* to the Clerk of the United States District Court,

1  District of Nevada, 20% of the preceding month's deposits (in months that the account

2  exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk

3  of Court will send a copy of this order to the Finance Division of the Clerk's Office. The

4  Clerk will send a copy of this order to the attention of *Chief of Inmate Services for the*

5  *Nevada Department of Corrections,* P.O. Box 7011, Carson City, NV 89702.

6        It is further ordered that the Court certifies that any *in forma pauperis* appeal from

7  this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

8        It is further ordered that the Clerk of Court close this case and enter judgment

9  accordingly.

10       DATED THIS 20th Day of May 2022.

11

12

13  _____

14  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28